J-S36008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYTI MYERS, | : | |
| | : | |
| Appellant. | : | No. 1955 EDA 2017 |

Appeal from the PCRA Order, June 16, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011665-2008.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　**FILED SEPTEMBER 12, 2018**

Ryati Myers appeals from the order denying his amended petition for relief pursuant to the Post-Conviction Relief Act (42 Pa.C.S.A. §§ 9541-9546). That petition attacked Myers' prior convictions of attempted murder and other related offenses.  We affirm the PCRA court's denial.

All of Myers' issues asserted that his counsel was ineffective.  The learned PCRA judge, the Honorable Glenn B. Bronson – who was also the trial judge in the underlying criminal case and, therefore, observed first-hand the actions of Myers' trial counsel – authored a detailed, well-reasoned 1925(a) Opinion.  In it, Judge Bronson correctly and thoroughly disposed of all six appellate issues as follows:

## I. PROCEDURAL BACKGROUND

On November 17, 2009, defendant Rayti Myers was
convicted of attempted murder with serious bodily injury

caused (18 Pa.C.S. §§ 901(a), 2502), aggravated assault (18 Pa.C.S. § 2702(a)(1)), and criminal conspiracy (18 Pa.C.S. § 903(a)). On February 17, 2010, the Court imposed a sentence of fifteen to thirty years incarceration on the charge of attempted murder. N.T. 02/17/2010 at 30-31. Due to merger, [Myers] was not sentenced on the conviction for aggravated assault, and due to the statutory prohibition against multiple convictions of inchoate crimes (18 Pa.C.S. § 906), [Myers] was not sentenced on the conviction for criminal conspiracy. N.T. 2/17/10 at 6. The Court denied [Myers'] post -sentence motion on March 26, 2010. [Myers] subsequently filed an appeal on April 23, 2010.

On November 21, 2011, the Superior Court affirmed defendant's judgment of sentence. The Supreme Court denied allocatur on July 9, 2012. [Myers] then filed a pro se petition under the Post -Conviction Relief Act ("PCRA") on June 28, 2013. On March 3, 2017, PCRA counsel filed an Amended PCRA Petition ("Amended Petition") raising multiple claims of ineffective assistance of counsel. Amended Petition at pp. 6-10. Additionally, the Amended Petition requested that [Myers] be awarded credit for time served during his pretrial incarceration. *Id.* at p. 11. On June 16, 2017, the Court entered an order dismissing [Myers'] Amended Petition.

[Myers] has now appealed the Court's dismissal of his PCRA Petition, alleging that: 1) trial counsel was ineffective for failing to pursue severance; 2) trial counsel was ineffective for failing to object to the Court's admonishment of the complainant in front of the jury; 3) trial counsel was ineffective for failing to preserve a weight of the evidence claim; 4) appellate counsel was ineffective for failing to preserve a claim concerning prior bad acts evidence on appeal; 5) trial counsel was ineffective for failing to object to, and pursue relief, following prosecutorial misconduct during closing argument, and appellate counsel was ineffective for neglecting the issue on appeal; 6) trial counsel was ineffective for failing to object to a special interrogatory given to the jury; and 7) the Court erred in failing to award time credit for pretrial incarceration. Concise Statement of Errors Complained of on Appeal ("Statement of Errors") at ¶¶ 1-7. For the reasons set forth below, [Myers'] claims are without merit, and the PCRA

- 2 -

Court's order dismissing his PCRA Petition should be affirmed.

## II. FACTUAL BACKGROUND

The facts of this case were set forth in this Court's Rule 1925(a) Opinion filed in [Myers'] direct appeal as follows:

At trial, the Commonwealth presented the testimony of complainant Dana Treadwell, Philadelphia Police Detectives Edward Tolliver, Anthony Vega, and Eric Johnson, Philadelphia Police Sergeant John Massi, Philadelphia Police Officers Steven Ahmie, William Albertus, and Chris Lai, Philadelphia Police Fingerprint Examiner Scott Copeland, and the mother of co-defendant Andre Murray, Dolores Murray. [Myers] presented no testimony. Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence established the following.

On May 27, 2008, at about 4:00 p.m., Dana Treadwell, his wife, two of his children, and two of his step-nieces were walking near the area of 18th and Gerritt Streets in Philadelphia when they were nearly hit by a "greenish gray" car later described by Treadwell as either a 2005 Chevy Malibu or a 2004 Mitsubishi Gallant. N.T. 11/12/2009 (vol.1) at 15-18, 66, 69; 11/12/2009 (vol. 2) at 124-125. Treadwell then got into a heated argument with [Myers] who was driving the car and who Treadwell recognized from the neighborhood. N.T. 11/12/2009 (vol. 1) at 19, 71; 11/12/2009 (vol. 2) at 124-128. The passenger of the car joined the argument and Treadwell was told to wait there until they returned. N.T. 11/12/2009 (vol. 1) at 66. The car drove away, and Treadwell walked his family home. N.T. 11/12/2009 (vol. 1) at 19-20, 31, 67.

After being at his house for about three minutes, Treadwell walked to a corner store at 18th and Reed Streets, which is one block north of 18th and Gerritt Streets. N.T. 11/12/2009 (vol. 1) at 31-32, 67. As Treadwell approached that intersection, he looked across a vacant lot and saw [Myers] driving the same car in his direction. N.T. 11/12/2009 (vol. 1) at 33,

- 3 -

36, 67. The car eventually pulled over near where Treadwell was standing and Treadwell heard [Myers] say, "there he goes, get him," whereupon Murray fired several shots at Treadwell. N.T. 11/12/2009 (vol. 1) at 36-37, 67; 11/12/2009 (vol. 2) at 84-86. Treadwell hid behind a van, but was shot once in the elbow before the car drove away. N.T. 11/12/2009 (vol. 1) at 37, 43, 67.

After a few minutes, Treadwell ran home and asked a neighbor to call the police. N.T. 11/12/2009 (vol. 1) 44-45, 67-68. The police took Treadwell to the hospital where he was treated for a gunshot wound and discharged that same night. N.T. 11/12/2009 (vol.1) at 45-49; 11/13/2009 (vol.1) at 24. Treadwell's gunshot wound required surgery and left Treadwell unable to perform his job as a trash collector for several months. N.T. 11/12/2009 (vol. 1) at 109-110; 11/12/2009 (vol. 2) at 38-39.

Trial Court Opinion, filed 8/31/10 at pp. 2-3.

## III. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error." *Commonwealth v. Yager*, 685 A.2d 1000, 1003 (Pa. Super. 1996) (*citing Commonwealth v. Legg*, 669 A.2d 389, 391 (Pa. Super. 1995)). The reviewing court "will not disturb findings that are supported by the record." *Id.*

### A. Ineffective Assistance of Counsel

The majority of [Myers'] claims pertain to the alleged ineffective assistance of counsel. Under Pennsylvania law, counsel is presumed effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In

Pennsylvania, the **Strickland** standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. **Commonwealth v. Miller**, 987 A.2d 638, 648 (Pa. 2009); **Commonwealth v. Pierce**, 527 A.2d 973, 974-75 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. **Commonwealth v. Sneed**, 899 A.2d 1067, 1084 (Pa. 2006) (**citing Strickland**, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing, as such a hearing would serve no purpose. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008), **app. denied**, 956 A 2d 433 (Pa. 2008).

1. Failure to Pursue Severance

[Myers] first alleges that trial counsel was ineffective "for failing to pursue severance." Statement of Errors at ¶ 1. This claim is without merit.

The Pennsylvania Rules of Criminal Procedure provide that "defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Pa.R.Crim.P. 582(A)(2). The Rules further provide that "the court may order separate trials of defendants, if it appears any party may be prejudiced by defendants being tried together." Pa.R.Crim.P. 583. However, "it is well established that the law favors a joint trial when criminal conspiracy is charged." **Commonwealth v. Serrano**, 61 A.3d 279, 285 (Pa. Super. 2013) (**quoting Commonwealth v. Colon**, 846 A.2d 747, 753-754 (Pa. Super. 2004)). Here, both defendants were charged with conspiring to murder complainant Treadwell, and were alleged to have acted together to retrieve a weapon, and then find and shoot Treadwell following an argument. Accordingly, the defendants were properly joined for trial under Rule 582.

In his PCRA petition, [Myers] contends that trial counsel should have moved for severance because the joint trial prejudiced [him] in two ways. First, [Myers] alleges that he was prejudiced by testimony from a detective that the arrest warrant for co-defendant Murray was premised upon information from a confidential source implicating both defendants. According to [Myers], this violated his rights under the Confrontation Clause. Amended Petition at p. 6. However, upon [his] objection to the testimony, the Court sustained the objection and instructed the jury to disregard the portion of the detective's testimony implicating [Myers]. N.T. 11/13/09 (vol. 2) at 57. In addition, the Court gave a limiting instruction, so it would be clear that the evidence was not to be considered in any manner against [Myers]:

> You can consider that one issue only simply for the thoroughness of the investigation and why he terminated his investigation when he did with respect to Defendant Murray. That's the only purpose for which it's permitted to come into evidence and for no other purpose. There's no relevance at all to Mr. Myers because that wasn't raised as to him.

*Id.* at 57-58.

Moreover, [Myers] raised in his direct appeal the related claim that the trial court erred in allowing the jury to hear the detective's testimony regarding the informant. The Superior Court, relying upon the trial court's opinion, upheld the ruling that the above curative instruction was sufficient to avoid any unfair prejudice to [Myers]. Superior Court Opinion filed November 21, 2011 at pp. 6-7 (citing to Trial Court Opinion filed August 31, 2010, at pp. 13-14). Trial counsel cannot be faulted for failing to file a severance motion based on the potential admission of evidence that both the trial court and Superior Court found to not be prejudicial.

Second, [Myers] claims he was prejudiced because co-defendant Murray's "actions were attributed to the Petitioner, a situation that was exacerbated when the ADA violated an agreement not to use the word 'gang' during testimony and then again during closing arguments." Amended Petition at pp. 6-7. This claim is [meritless]. Trial counsel could not have premised a severance motion on

prosecutorial misconduct that had yet to occur. Moreover, the claim that the prosecutor committed misconduct based on references to the term "gang" was raised on [Myers'] direct appeal and rejected by both the trial court and the Superior Court. Trial Court Opinion filed August 31, 2010, at pp. 10-13; Superior Court Opinion filed November 21, 2011 at p. 56 (relying on trial court's opinion).

In addition, the evidence of [his] participation in a gang would have been relevant and admissible whether [Myers] was tried jointly with co-defendant Murray or separately. Even in a separate trial, the Commonwealth still was required to prove that [Myers] was guilty of conspiring with Murray to kill Treadwell. It is well-established that evidence of a defendant's gang activity is admissible to establish a conspiracy. *See Commonwealth v. Gwaltney*, 442 A.2d 236, 241 (Pa, 1982) ("evidence of the gang activity is highly probative of whether a conspiracy existed"). Additionally, evidence of gang activity may be offered to "explain the conduct of a Commonwealth witness," such as Treadwell, who at the trial, completely recanted his prior statements and testimony incriminating the defendants. *Commonwealth v. Brewington*, 740 A.2d 247, 251 (Pa. Super. 1999).

Accordingly, there were no valid grounds for trial counsel to move for severance. For that reason, he could not have been ineffective for failing to do so.

2. Failure to Object to Court Admonishment of the Complainant

[Myers] next alleges that trial counsel was ineffective for failing "to object to the Court's admonishment of the complainant in front of the jury," which denied him the right to a fair and impartial jury. Statement of Errors at ¶ 2. This claim is premised upon statements that the undersigned trial judge made to Treadwell during his testimony, including a direction that Treadwell give truthful answers. The claim that the Court erred by making prejudicial comments to Treadwell during his testimony was raised by [Myers] in his direct appeal. In this Court's opinion regarding that appeal, the Court analyzed each allegedly improper comment. Trial Court Opinion filed August 31, 2010, at pp. 7-10. For the reasons there stated, all remarks made by the Court were

entirely proper. *Id.* Trial counsel cannot be faulted for failing to object to questioning by the Court that was completely permissible.

### 3. Failure to Preserve Weight of the Evidence Claim

[Myers] alleges that trial counsel was ineffective for failing "to preserve the argument that the greater weight of the evidence was against the Commonwealth, where the complainant completely recanted and gave an exonerating account of the shooting." Statement of Errors at ¶ 3. While it is true that trial counsel failed to preserve the weight claim, this Court still addressed the issue in its opinion on [Myers'] direct appeal.[1] Trial Court Opinion filed August 31, 2010, at pp. 4-6. For the reasons there stated, there was compelling evidence adduced at trial of [his] guilt, and the verdict plainly did not shock this Court's sense of justice. Because any motion before the trial court for a new trial based on the weight of the evidence would have been properly denied, [Myers] was not prejudiced by counsel's failure to file such motion. No relief is due.

### 4. Failure to Preserve Issue of Prior Bad Acts

[Myers] alleges that appellate counsel was ineffective for failing "to preserve the issue of prior bad acts evidence on appeal." Statement of Errors at ¶ 4. In particular, [Myers] claims that appellate counsel neglected to argue on appeal that the Court improperly admitted evidence of [his] membership in a gang, and the reputation of that gang for criminal activity. Amended Petition at pp. 8-9.

[Myers'] claim that the Court erred in admitting evidence of his gang membership was raised . . . in his Statement of Errors regarding his direct appeal. While appellate counsel elected not to present that issue to the Superior Court, the trial court addressed the issue in its opinion. Trial Court Opinion filed August 31, 2010, at pp. 10-13. For the reasons stated there, the claim is meritless. *Id.* Since appellate

---

[1] Although the weight claim was not preserved, appellate counsel included it as a grounds for relief in his Rule 1925(b) statement.

counsel cannot be faulted for failing to raise a meritless claim, no relief is due.

5. <u>Failure to Object and Pursue Relief Following Prosecutorial Misconduct</u>

[Myers] claims that trial counsel was ineffective for failing "to object to and pursue relief (including mistrial) from the prosecutor's statement in closing that the jury should 'send a message' to these two individuals and to whomever were helping them in messing with the complainant afterwards that this would not be condoned in the city" and that appellate counsel was ineffective for not raising this claim on appeal. Statement of Errors at ¶ 5. This claim is without merit.

"It is well-established that comments by a prosecutor constitute reversible error only where their unavoidable effect is to prejudice the jury, forming in the jurors' minds a fixed bias and hostility toward the defendant, such that they could not weigh the evidence objectively and render a fair verdict." ***Commonwealth v. Arrington***, 86 A.3d 831, 853 (Pa. 2014) (***quoting Commonwealth v. Bryant***, 67 A.3d 716, 727 (Pa. 2013)). As our courts have repeatedly stated, "prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." ***Commonwealth v. Judy***, 978 A.2d 1015, 1020 (Pa. Super. 2009) (***quoting Commonwealth v. Chmiel***, 889 A.2d 501, 544 (Pa. 2005)).

It is true that it is generally not proper for a prosecutor to argue that the jury should convict a defendant to "send a message" to the community. ***See Commonwealth v. Patton***, 985 A.2d 1283, 1287 (Pa. 2009). However, "prosecutorial remarks encouraging a jury to 'send a message' to the defendant, rather than the community or criminal justice system, do not invite consideration of extraneous matters and are not misconduct." ***Id.*** at 1288 (***citing Commonwealth v. Peterkin***, 649 A.2d 121, 129 (Pa. 1994)).

Here, the "send a message" argument, in context, was as follows:

> I want you to send a message to these two individuals and whomever were helping them in messing with Dana Treadwell afterwards that this would not be condoned in the city, that – send a message to these two people that this cannot happen. This behavior is not to be tolerated. You cannot shoot somebody and then afterwards you cannot come back into the courtroom after trying to solve your problems on the street and tell, hey, we handled it out there. We are going to walk away scot-free. That's not the message to send these two. The message is, this will not be tolerated.

N.T. 11/16/09 (vol. 2) 68-69. From this record, it is clear that the prosecutor was urging the jury to "send a message" to [Myers] and Andre Murray, his co-defendant. The prosecutor never asked the jury to send a message to the community at large.

However, [Myers] is correct that there was a momentary reference in the prosecutor's "send a message" argument to "whomever was helping" [Myers and Murray]. To the extent that this argument urged the jury to base its decision on the effect of the verdict on individuals other than the defendants, it was not proper. However, the single reference to [Myers and Murray's] uncharged accomplices could not have prejudiced [Myers], in light of the repeated references in the "send a message" argument to [Myers] and . . . Murray ("send a message to *these two individuals,*" "send a message to these two people," "that's not the message to send these two." (emphasis added)).

Moreover, lest the jury be at all improperly influenced by the "send a message" reference, the Court instructed the jury immediately after the closings to not base its verdict on any general comments about crime in the area where the shooting occurred or the community in general, and to disregard any arguments based on those factors. *Id.* at 85. This ensured that the "send a message" comment would not prejudice [Myers]. No relief is due.

6. Failure to Object to Special Interrogatory

[He] next argues that trial counsel was ineffective for failing "to object to the special interrogatory given to the

jury in this case." Statement of Errors at ¶ 6. The challenged interrogatory reads, in its entirety, as follows:

If, and only if, you find the defendant, Rayti Meyers, guilty of attempted murder, then you must answer the following question:

1. Does the evidence establish, beyond a reasonable doubt, that defendant Rayti Myers's attempt to murder Dana Treadwell caused serious bodily injury to Dana Treadwell?

[Myers] argues that all special interrogatories are unlawful, and that the interrogatory used in this case was inflammatory and prejudicial. Amended Petition at p. 10. This argument is without merit.

The Crimes Code provides that the maximum sentence for attempted murder depends upon whether the victim sustained serious bodily injury. If the victim did not sustain serious bodily injury, the maximum sentence is 20 years in prison. If the victim did sustain such injury, the maximum sentence is increased to 40 years. 18 Pa.C.S. § 1102(c). Because "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," the jury must decide whether an attempted murder victim sustained serious bodily injury whenever a defendant is convicted of attempted murder. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Accordingly, the Court submitted the interrogatory to the jury to comply with *Apprendi*.

[Myers] cites several cases for the proposition that juror interrogatories in criminal cases are never allowed. Amended Petition at p. 10. However, none of those cases barred the use of an interrogatory where, as here, an interrogatory was required to comply with *Apprendi*, and where there was no statutory provision requiring that the issue covered by the interrogatory be decided by the judge. *See Commonwealth v. Hopkins*, 117 A.3d 247, 268 n.4 (Pa. 2015) (use of interrogatories would not render constitutional the mandatory sentencing statute for selling drugs in school zones, where the statute provided that the judge was to make the decision at sentencing); *Commonwealth v. Jacobs*, 39 A.3d 977, 986-987 (Pa.

- 11 -

2012) (plurality) (absence of interrogatories specifying the object of a conspiracy irrelevant to determination of whether convictions for attempted escape and conspiracy to commit escape are prohibited by the bar of multiple convictions for inchoate offenses); ***Commonwealth v. Samuel***, 961 A.2d 57, 64-65 (Pa. 2008) (use of interrogatories not proper to determine whether burglary was a crime of violence under the two strikes statute, which required that the issue be decided by the judge at sentencing); ***Commonwealth v. Campana***, 304 A.2d 432, 437-438 & n.27 (Pa. 1973) (plurality) (use of interrogatories not helpful to determine the applicability of the doctrine of collateral estoppel), ***vacated on other grounds***, 414 U.S. 808 (1973).

Furthermore, [Myers] suffered no prejudice from this interrogatory. By its clear terms, the jury was directed to not even consider the interrogatory unless it first convicted [him] of attempted murder. The Court reinforced this directive in its jury charge. N.T. 11/16/2009 (vol. 2) at 127-128 ("If and only if you find a defendant guilty of attempted murder do you need to get to this. If you find a particular defendant not guilty of attempted murder, don't answer the question."). No relief is due.

\*          \*          \*          \*

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court's order dismissing [Myers'] PCRA Petition should be affirmed.

PCRA Court Opinion, 9/19/17, 1-12 (emphasis in original; some punctuation omitted).

We now adopt the Opinion of the Court of Common Pleas of Philadelphia County as our own. For all of the above reasons, we agree with the PCRA judge that his order denying Myers' PCRA petition should be and, therefore, is

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/18