961 A.2d 57

COMMONWEALTH of Pennsylvania, Appellee

v.

Eric SAMUEL, Appellant.

No. 30 EAP 2007.

Supreme Court of Pennsylvania.

Argued April 14, 2008.

Decided Dec. 17, 2008.

Karl Baker, Esq., Marissa Boyers Bluestine, Esq., Defender Association of Philadelphia, Philadelphia, for Eric Samuel.

Hugh J. Burns, Jr., Esq., Peter Carr, Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD and McCAFFERY, JJ.

## OPINION

Justice TODD.

In this direct appeal, we are asked to determine whether the sentencing court erred in making the factual determination that Appellant Eric Samuel's burglary conviction was a "crime of violence," triggering the mandatory "two-strikes" sentencing provision of 42 Pa.C.S.A. § 9714(g). For the following reasons, we find no error in the sentencing court's application of the two-strikes provision in this case, and affirm.

On November 13, 2003, by his own admission, Appellant burglarized the apartment of his neighbor, Jamaal Garnett, on Spring Garden Street in Philadelphia. The uncontradicted trial testimony revealed that at about 1:30 p.m., Garnett was in the living room of his second floor apartment when he heard a loud crashing noise. He went to investigate and came upon Appellant raising his second floor bathroom window in an apparent attempt to break into the apartment. Garnett recognized Appellant from the neighborhood and called 911 from his cell phone as he ran out of the apartment, forgetting his keys. When the police arrived a short time later, Garnett was unable to let them into the building, and ran back up the fire escape. Upon entering his apartment, he observed Appellant inside with Garnett's VCR in his hands. Appellant escaped out a second-story window carrying a duffel bag.

Appellant was apprehended nearby, and a search of his duffel bag yielded a VCR. Garnett identified his VCR and Appellant at the scene of the arrest. Following Appellant's arrest, Detective William Farrell administered Miranda warnings and took Appellant's statement, wherein he admitted to climbing into Garnett's apartment through the bathroom win-

dow and removing Garnett's VCR and $10 in cash. Appellant also admitted to having committed two other burglaries at the homes of Ruth Mack and Paul White in August and November 2003, respectively.

Based on Appellant's confession to the three burglaries, Appellant was charged with three counts of burglary as felonies of the first degree [1] and three counts of theft by unlawful taking.[2] He was tried by a jury on October 28, 2004 before the Honorable Shelley Robins New. At trial, the Commonwealth presented abundant evidence against Appellant, including not only the eyewitness testimony of Garnett and the arresting officers, but also Appellant's confession, wherein he acknowledged that a person was present at the time he committed the Garnett burglary:

Q. How did you get into the apartment?

A. Second floor bathroom window. I climbed up the rear using gates on the windows. The bathroom window was closed but unlocked. I opened the window, climbed inside. After getting inside, the bathroom door was closed. I walked out of the bathroom into like the bedroom. I picked up $10 and some change. Then I turned around and I looked and unplugged and took the VCR. That's when the guy came back. I ran towards the window, climbed down, and was arrested by police.

N.T. Trial, 10/28/04, at 123. In addition, in a strategic move in which Appellant conceded having burglarized Garnett's home in order to make his challenge at trial of the other two burglaries seem more plausible to the jury, Appellant's counsel openly acknowledged during closing arguments that Garnett witnessed Appellant enter the apartment through the bathroom window. He further acknowledged that Garnett saw Appellant in Garnett's apartment holding Garnett's VCR when Garnett briefly returned. Appellant's counsel told the jury:

1. 18 Pa.C.S.A. § 3502(c)(1). The statutory maximum term of imprisonment for each offense, as charged, was twenty years. *See* 18 Pa.C.S.A. § 1103.

2. 18 Pa.C.S.A. § 3921(a).

They have the eyewitnesses. Mr. Garnett himself saw [Appellant] in the apartment [and] coming into the apartment. They have the officers outside who saw him leaving with Mr. Garnett's items in his hand. There's no reasonable doubt in that case. That's the kind of case where they have met their burden of proof.

*Id.* at 163.

In the charge to the jury, the trial court defined burglary according to its statutory definition under Section 3502(a) of the Crimes Code. 18 Pa.C.S.A. § 3502(a). Apparently anticipating the Commonwealth would seek application of the two-strikes provision in 42 Pa.C.S.A. § 9714—which, as we discuss more fully below, provides a mandatory minimum sentence when a defendant commits a second "crime of violence" including, *inter alia,* "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present," *id.* § 9714(g)—the trial judge indicated in her Pa.R.A.P.1925(a) opinion that she offered the Commonwealth the opportunity to request a separate finding by the jury that Garnett was present at the time of the November 13, 2003 burglary, but the Commonwealth declined. Trial Court Opinion, 3/29/06, at 4.[3] Following Appellant's conviction of all charges by the jury, the Commonwealth gave notice of its intention to seek application of the two-strikes provision at sentencing.

At Appellant's sentencing on February 9, 2005, the Commonwealth indeed sought application of the mandatory second-strike provision in 42 Pa.C.S.A. § 9714, introducing into evidence documentation that Appellant previously was convicted of aggravated assault, a first-degree felony, in an unrelated case. The Commonwealth then contended Appellant's conviction for the Garnett burglary constituted a second strike under Section 9714 because the evidence at trial revealed that Garnett was at home, in a building adapted for overnight accommodations, when Appellant perpetrated the burglary, and thus this constituted a "crime of violence" under that

---

3. This offer is not apparent in the trial transcripts.

section. Appellant countered that because the bill of information charging him with the Garnett burglary did not specify that a person was present, and because the jury was not specifically asked to make such a factual determination, the burglary conviction could not qualify as a "crime of violence" and thus should not count as a second strike.

The sentencing court, nevertheless, made the factual finding Garnett was present in his home when Appellant entered and thus that the burglary was a crime of violence under Section 9714. Applying Section 9714(a)(1) accordingly, the court sentenced Appellant to the mandatory minimum sentence of 10 to 20 years imprisonment for the Garnett burglary, plus two additional concurrent sentences for the other two burglary convictions of an aggregate term of two to four years.[4] N.T. Sentencing Hearing, 2/9/05, at 25–28. Appellant filed a post-sentence motion to modify the sentence imposed on the Garnett burglary, which the trial judge denied on March 14, 2005, and Appellant timely appealed to the Superior Court.

In her Rule 1925(a) opinion, Judge New concluded that in sentencing Appellant, she incorrectly applied the mandatory second-strike provision because the jury did not make the specific factual finding that Garnett was present at his home at the time of the burglary. Trial Court Opinion, 3/29/06, at 7. The trial court thus requested the Superior Court to remand the matter for resentencing. *Id.* The Superior Court disagreed with the trial judge's change of heart, however, concluding instead that the trial court's original application of the second-strike provision was appropriate despite the absence of a specific jury finding that the Garnett residence was occupied at the time of the burglary, and affirmed the judgment of sentence. *Commonwealth v. Samuel,* 1108 EDA 2005, unpublished memorandum at 4 (Pa.Super. filed May 4, 2007) (hereinafter "*Samuel*").

4. At sentencing, one of the other burglary convictions was graded as a felony of the first degree, and the other burglary conviction was graded as a felony of the second degree, *see* 18 Pa.C.S.A. § 3502(c)(2), the latter for which the statutory maximum term of imprisonment is ten years. 18 Pa.C.S.A. § 1103.

Thereafter, we granted review on the following issue: "Whether the trial court erred in applying § 9714 ... when [Appellant] had not been convicted of a crime of violence in the instant case as the jury was neither instructed to find, nor did it find, that a person was present when [Appellant] entered a building adapted for overnight accommodation."

Initially, we note that Appellant's challenge to the application of the two-strikes provision raises a question of statutory construction, which is a pure question of law; thus our standard of review is *de novo,* and our scope of review is plenary. *In re Milton Hershey School,* 590 Pa. 35, 42, 911 A.2d 1258, 1261 (2006). When this Court is called upon to interpret a statute, our overriding purpose is to ascertain and effectuate the legislative intent underlying the statute. *Commonwealth v. Fedorek,* 596 Pa. 475, 483, 946 A.2d 93, 98 (2008). The clearest indication of legislative intent is the plain language of the statute itself. *Id.* In addressing Appellant's challenge, we are guided by the principles set forth in the Statutory Construction Act. 1 Pa.C.S. §§ 1501 *et seq.* We must consider that when the words of a statute "are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Further, in ascertaining legislative intent, it is to be presumed "[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." 1 Pa.C.S.A. § 1922(3).

Our Criminal Code defines burglary as follows:

(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502(a). Whether an individual is present during the entry affects the grading of the offense. *Id.* § 3502(c).

The recidivist mandatory minimum sentencing provision at issue, 42 Pa.C.S.A. § 9714, "Sentences for second and subsequent offenses," provides, in relevant part:

(a) Mandatory sentence.—

(1) *Any person who is convicted in any court of this Commonwealth of a crime of violence* shall, *if* at the time of the commission of the current offense *the person had previously been convicted of a crime of violence,* be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

\* \* \*

(g) Definition.—As used in this section, *the term "crime of violence" means* murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, *burglary of a* structure *adapted for overnight accommodation in which at the time of the offense any person is present,* robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S.A. § 9714(a) & (g) (emphasis added). Thus, with respect to burglary, Section 9714 requires, to constitute a crime of violence and trigger the two-strikes provision in subsection (a)(1), the burglary must be "of a structure adapted for overnight accommodation in which at the time of the offense any person is present."

In *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185 (2005), we observed, but did not address, the possibility of the precise issue before us—the potential exposure of a defendant

to sentencing for a crime of violence involving burglary despite the absence of a jury finding that a person was present during the burglary:

Notably, the Crimes Code definition of burglary does not mirror that found in Section 9714(g).... Under Section 3502 ... a defendant can properly be convicted for burglary as a first degree felony even where no one was present, and there will not necessarily be a finding as to that fact. Notwithstanding that procedural reality, the [two and] three strikes law classifies "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present" as a "crime of violence." As a result, a defendant potentially is exposed to the qualification of a present and/or predicate first degree felony burglary as a "crime of violence" even though the factfinder did not necessarily find that a person was present at the time of the offense.

*Id.* at 487 n. 10, 879 A.2d at 191 n. 10.[5]

The Superior Court in the present case, relying on the plain language of Section 9714(d), which, as discussed below, provides provisions of the mandatory sentencing statute shall not be an element of the crime and shall be imposed at sentencing, concluded that the sentencing court properly determined the underlying conviction constituted a crime of violence. Relying on *Commonwealth v. Belak*, 573 Pa. 414, 825 A.2d 1252 (2003), wherein we held the appellant could not challenge the sentencing court's finding that persons were present during the commission of the burglaries at issue because the appellant had stipulated thereto at sentencing, the panel concluded here that the sentencing court may determine whether a defendant's prior convictions constitute crimes of violence under Section 9714(a)(1). *Samuel* at 5.[6]

**5.** Although the jury in *Shiffler* was not asked to make a separate finding that a person was present during the burglary, the appellant therein did not challenge the determination at sentencing that his conviction was a "crime of violence." *Id.*

**6.** Judge Bowes filed a concurring statement. Therein she agreed it was proper for the sentencing court to engage in factfinding at sentencing in determining a person was present when the Garnett burglary was

■ On appeal to this Court, Appellant presents a narrow challenge to the Superior Court's interpretation of Section 9714 and its determination that he is a two-strike offender. Pressing our observation in *Shiffler* of the "disconnect" between the definition of burglary contained within our Crimes Code and the definition of a "crime of violence" under Section 9714, Appellant asserts that he was "convicted" only of burglary, and not a crime of violence—that is, he contends he was not convicted of burglary "of a structure adapted for overnight accommodation in which at the time of the offense any person is present." Appellant's Brief at 7. Citing Black's Law Dictionary, Appellant contends a "conviction" means "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." Black's Law Dictionary 301 (5th ed.1979). He argues, therefore, that he can only be deemed to have been convicted of burglary under Section 3502 of the Crimes Code because that was the crime with which he was charged and on which the jury was instructed, and its elements do not encompass the additional element included in Section 9714(g) of burglary "of a structure adapted for overnight accommodation in which at the time of the offense any person is present." Appellant's Brief at 9.

The Commonwealth counters that, given the plain language of Section 9714(d), the Superior Court correctly concluded that the sentencing judge, and not the jury, should determine by a preponderance of the evidence whether an underlying conviction constitutes a crime of violence, and specifically in this case, whether the burglary was "of a structure adapted for overnight accommodation in which at the time of the offense any person is present." Appellee's Brief at 9–10.

committed. *Samuel* at 2 (Bowes, J., concurring). Judge Bowes further observed that because application of the second-strike provision did not increase Appellant's maximum sentence, but rather imposed a mandatory minimum sentence, the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that, under the 6th Amendment to the United States Constitution, any fact other than a prior conviction that exposes a defendant to a sentence in excess of the statutory maximum must be found by a jury, not a judge, and be proven beyond a reasonable doubt) was not implicated. *Samuel* at 2–3 (Bowes, J., concurring).

Section 9714(d) provides that its mandatory provisions are not elements of the crime, and that it is not to be applied until sentencing:

(d) Proof at sentencing.—*Provisions of this section shall not be an element of the crime* and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. *The applicability of this section shall be determined at sentencing.* The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S.A. § 9714(d) (emphasis added). Accordingly, the plain language of the statute indicates that the sentencing court, and not the jury, must determine whether the crime in question was a crime of violence by a preponderance of the evidence. Thus, despite the reference to "conviction" in relation to a crime of violence in subsection (a)(1), the Legislature clearly intended the elements in Section 9714 to be determined at sentencing. Moreover, as the Commonwealth suggests, Appellant's assertion that the statute should be interpreted as mandating the burglary-related crime of violence in Section 9714(g) be charged in the bill of information, or requiring a

specific jury instruction and finding would essentially redefine the statutory definition of burglary, which is not our role. It would also render the statute contradictory by redefining the crime of burglary with added elements in contradiction of subsection (d), which provides "[p]rovisions of this section shall not be an element of the crime."

■ Furthermore, Appellant's position would require the jury to issue a special verdict with individual interrogatories, placing a burden on the Commonwealth and trial court to anticipate various applications of Section 9714, despite the explicit language in subsection (d) that notice of its application "shall not be required prior to conviction." In addition, in contrast to civil cases, where there is specific authority for special verdicts, *see* Pa.R.Civ.P. 2257 ("Upon the court's own motion or the request of any party, the jury, or the court, if the action is tried without a jury, shall return, in addition to a general verdict or finding, such specific findings as will determine the issues among all parties"), there is no such provision in criminal trials, and "[t]he proposal of special verdicts in criminal trials to determine what issues the jury actually resolved has been almost universally condemned." *Commonwealth v. Campana*, 452 Pa. 233, 247 n. 27, 304 A.2d 432, 438 n. 27 (plurality), *vacated on other grounds*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973).

■ In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub nom McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), we considered, in the context of a due process challenge, whether a sentencing court could properly make the factual finding, by a preponderance of the evidence standard, that an offender visibly possessed a firearm in determining the applicability of 42 Pa.C.S.A. § 9712, another mandatory minimum sentencing provision.[7]

---

7. At the time *Wright* was decided in 1985, the relevant subsections of Section 9712–(a) and (b)—provided:

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to

Section 9712 requires the imposition of a minimum sentence of five years total confinement upon persons found to have been in visible possession of a firearm during the commission of certain felonies. *Id.* § 9712(a). In holding that due process did not preclude a sentencing court from making that determination, we observed our Legislature explicitly stated in Section 9712(b)—which nearly mirrors Section 9714(d)—that the provisions of Section 9712 "shall not be an element of the crime," 42 Pa.C.S.A. § 9712(b), adding that "[u]nder our system of jurisprudence the legislature is charged with the responsibility of defining the elements of crimes." *Wright,* 508 Pa. at 31, 494 A.2d at 357 (quoting *Commonwealth v. Graves,* 461 Pa. 118, 126, 334 A.2d 661, 665 (1975)). We reasoned that visible possession of a firearm "is neither included in the definitions of the felonies enumerated in section 9712(a) nor does it establish the culpability required under those definitions." *Wright,* 508 Pa. at 32, 494 A.2d at 357. Thus, we concluded, even in the absence of an explicit statement by the Legislature, "visible possession of a firearm could not be considered an element of the crime of which a defendant subject to section 9712 has been convicted," *id.,* adding:

> The section in question removes from the sentencing court the discretion to decide whether total confinement is appropriate and whether to set a minimum sentence of less than

aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) Proof of sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712(a) & (b), Historical and Statutory Notes. Section 9712(a) has since been amended, adding additional conditions related to the use of a firearm during the commission of an offense. Section 9712(b) is unchanged.

five years. Visible possession of a firearm during the commission of the crime is a sentencing factor which, if found, is dispositive of those issues. The legislature has thus foreclosed the possibility of leniency to such gun-users. *Wright*, at 32–33, 494 A.2d at 357–58. Therefore, while *Wright* addressed and rejected a due process challenge to Section 9712, we nonetheless find it supports our conclusion herein that the Legislature intended the factors in the analogous Section 9714 to be determined at sentencing.[8]

■ For the foregoing reasons, we hold that whether a defendant has been convicted of a crime of violence under Section 9714, and in particular whether a defendant has been convicted of burglary "of a structure adapted for overnight accommodation in which at the time of the offense any person is present," is to be determined by the sentencing court. Accordingly, we find no error in the present case in the sentencing court having made the factual determination, based on the uncontroverted evidence at trial, that a person was

8. Although our decision in *Commonwealth v. Belak, supra,* arguably could provide an alternative basis for our disposition, we decline to find it controlling. In *Belak,* the appellant was convicted of burglary and other related offenses, and was previously convicted of burglary at least twice. *Belak,* 573 Pa. at 416, 825 A.2d at 1253. The Commonwealth gave notice of its intent to seek application and imposition of the three-strikes sentencing provision in Section 9714(a)(2), and the sentencing court applied the mandatory minimum of 25 years imprisonment under that section based on the appellant's stipulation *at sentencing* that persons were present during the burglaries. *Id.* at 419, 825 A.2d at 1255. On appeal, the appellant argued, *inter alia,* his sentencing violated his constitutional rights to due process and trial by jury under *Apprendi, supra,* because the sentencing court made the factual determination that the victims of Belak's burglaries were present during the offenses, despite the fact the question of the victims' presence had not been submitted to the jury. Upon review, we held, *inter alia,* that because Belak stipulated *at sentencing* that persons were present during the commission of his burglaries, he should not be permitted to contest on appeal those facts to which he had previously agreed. *Belak,* 573 Pa. at 420, 825 A.2d at 1256. Although, admittedly, certain parallels may be drawn to the facts of the instant case, we find neither the admission of Appellant's confession at trial, nor defense counsel's strategic argument to the jury in which he conceded Appellant committed the Garnett burglary, to be the equivalent of a legal stipulation such as was made in *Belak.* Here, the sentencing judge was obliged to make a factual finding regarding Garnett's presence during the burglary.

present in the Garnett residence at the time Appellant committed the burglary, and thus that Appellant's conviction constituted a crime of violence mandating imposition of a minimum sentence under Section 9714(a). Therefore, the order of the Superior Court is affirmed.

Chief Justice CASTILLE and Justice SAYLOR, EAKIN, BAER and McCAFFERY join the opinion.