J-S45018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY W. REEDER | |
| Appellant | No. 3192 EDA 2015 |

Appeal from the Judgment of Sentence October 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010676-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 29, 2017**

Appellant, Anthony W. Reeder, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his conviction for homicide by vehicle while driving under the influence ("DUI") and related offenses. Appellant contends the trial court erred in presenting the jury with a special verdict sheet containing interrogatories. We affirm.

The relevant facts and procedural history of this case are as follows. On March 3, 2012, Appellant and his fiancée, Sheila Whalen, consumed several alcoholic beverages with friends at a Philadelphia bar. The couple was later seen leaving the bar in a Jeep, with Appellant in the driver's seat. Shortly thereafter, Appellant lost control of the vehicle. The Jeep struck a

_____

[*] Retired Senior Judge assigned to the Superior Court.

parking pole before it ultimately rolled over and collided with a house. Witnesses observed Appellant climbing through the driver's side window after the accident. Ms. Whalen, who was a front seat passenger, died at the scene.

Police officers responding to the crash found Appellant near the scene, and observed that he appeared intoxicated. Appellant gave conflicting stories about whether he was in the vehicle at the time of the crash. The officers ultimately arrested Appellant. He submitted to a Breathalyzer test at the station two hours after the crash, which showed his blood alcohol content at 0.131%. The Commonwealth charged Appellant with involuntary manslaughter, homicide by vehicle, homicide by vehicle while DUI, accident involving death or personal injury while not properly licensed, and multiple subsections of the DUI statute, including DUI high rate of alcohol.[1]

Appellant proceeded to his first jury trial. After the jury deadlocked during deliberations, the court granted Appellant's motion for a mistrial. The Commonwealth withdrew the charge of involuntary manslaughter, and proceeded to a second jury trial on the remaining charges. After the close of argument, Appellant objected to the proposed verdict sheet. The sheet contained interrogatories after certain charges, only to be answered if the jurors found Appellant guilty of that offense. One of the charges with

---

[1] 18 Pa.C.S.A. § 2504(a); 75 Pa.C.S.A. §§ 3732(a), 3735(a), 3742.1(a), and 3802, respectively.

interrogatories, homicide by vehicle, asked jurors to render a verdict of guilt or innocence, and then answer the following by checking the appropriately marked "yes" or "no" box:

> If and only if you find the defendant guilty, did you find beyond a reasonable doubt, that the defendant committed the underlying violation of:
>
> Driving vehicle at [an] unsafe speed: Yes ____ No ____
>
> Driving upon sidewalk: Yes ____ No ____
>
> Careless driving: Yes ____ No ____

Verdict Report, 6/12/15, at 2.

The jury found Appellant guilty of homicide by vehicle. They marked "no" to the subsequent question of whether Appellant was driving at an unsafe speed, and responded "yes" to the other two traffic violations. The charge of DUI – incapable of safe driving also asked the jury to answer this interrogatory in a separate space on the verdict form, following the verdict:

> If and only if you find the defendant guilty, did you find beyond a reasonable doubt that:
>
> During the commission of the offense there was an accident resulting in death? Yes ____ No ____
>
> During the commission of the offense there was an accident resulting in damage to a vehicle or other property?
> Yes ____ No ____

*Id*., at 1.

The jury found Appellant guilty of DUI – incapable of safe driving, and answered "yes" to both questions. The jury also found Appellant guilty of all other charged offenses.[2]

On October 5, 2015, the court sentenced Appellant to an aggregate 3 to 7½ years' incarceration. Appellant timely filed a notice of appeal.

Appellant presents a single question for our review:

> Did not the trial court err in issuing to the jury, over objection, special verdict forms that included special interrogatories?

Appellant's Brief at 3.

> In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse,

---

[2] Appellant also contests the interrogatory following the charge of DUI – Blood Alcohol Concentration Above the Prohibited Amount. The jury rendered a verdict of guilty, and then answered the following interrogatory:

> If and only if you found the defendant guilty, did you find beyond a reasonable doubt, that the defendant's blood alcohol concentration range was:
> .08-.09 _____
> .10-.159 _____

Verdict Report, 6/12/15, at 1.

At trial, Appellant's counsel specifically assented to this interrogatory, saying: "[It] is true that in the charge it says that they have to select if they believe his blood alcohol and the ranges [sic]. So, I'm fine with that." N.T. Trial, 6/12/15, at 2. Consequently, Appellant did not preserve this particular issue for our review. *See* Pa.R.A.P. 302(a); Pa.R.Crim.P. 647(C).

rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions.

**Commonwealth v. Thomas**, 904 A.2d 964, 970 (Pa. Super. 2006) (citations omitted).

"Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

On appeal, Appellant contends that special verdicts are patently unacceptable in criminal cases.[3] In his argument, Appellant cites to **Commonwealth v. Samuel**, 961 A.2d 57 (Pa. 2008), for the proposition that "[t]he proposal of special verdicts in criminal trials to determine what issues the jury actually resolved has been almost universally condemned." **Id**., at 64 (citation omitted). Our Supreme Court also addressed this issue in

---

[3] We note that Appellant uses the terms "special verdicts" and "special interrogatories" without distinction. Special verdicts consist of questions posed to the jury as a wholesale replacement of the general "guilty or not guilty" verdict. In a case premised on a special verdict, the jury does not determine the defendant's guilt or innocence. The jury instead answers the questions posed, and the court makes the legal determination of guilt or innocence based on those answers. By contrast, special interrogatories ask the fact-finder to answer questions that merely supplement, without replacing, a general verdict of guilt or innocence. **See**, **e.g.**, Kate H. Nepveu, *Beyond "Guilty" or "Not Guilty": Giving Special Verdicts in Criminal Jury Trials*, 21 Yale Law & Policy Review 263, 264 (2003).

a more recent case following the United States Supreme Court's decision in *Alleyne*,[4] *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). The *Hopkins* Court found that special interrogatories could not be used to rectify deficiencies in a statute violating *Alleyne*. *See* 117 A.3d at 260. However, that is not what occurred here.

Appellant mischaracterizes *Hopkins* as having issued a blanket prohibition on supplementing general verdicts with special interrogatories, when it in fact held that such questions could not *cure* an already constitutionally deficient statute. He does not allege the special interrogatories in his case were used to correct a constitutionally deficient statute, as in *Hopkins*. Appellant limits his challenge to the mere presence of the special interrogatories.

Significantly, Appellant fails to explain specifically how the questions on the verdict sheet prejudiced him. Even assuming, without so deciding, that the trial court erred in including the special interrogatories on the verdict sheet, we find the logic of *Commonwealth v. Davis*, 135 A.3d 631 (Pa. Super. 2016), to be persuasive. In that case, the court provided the jury with a verdict sheet that contained questions about the weight of the drugs and the presence of a firearm. This was done in order for the court to determine applicable mandatory minimums, in an attempt to comply with

---

[4] *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

***Alleyne***. However, the sentencing court in ***Davis*** ultimately did not apply a mandatory minimum sentence based on those findings. On appeal, Davis challenged the questions on the verdict sheet. A panel of this Court noted that Davis was not given a mandatory minimum sentence, and that he failed to provide any evidence that the questions on the verdict sheet influenced the jury's deliberation about his guilt or innocence.

Appellant, like Davis, failed to provide any argument as to how these questions influenced the jury's deliberations. Consequently, we find Appellant's issue lacks merit, and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017