**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDDIE WIGGINS | : | |
| | : | |
| Appellant | : | No. 921 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006111-2016

BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JULY 21, 2020**

Freddie Wiggins (Wiggins) appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County (trial court) after his bench conviction of Aggravated Assault, Endangering the Welfare of a Child (EWOC) and Recklessly Endangering Another Person (REAP).[1]  After our thorough review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(8) and (a)(9), 4304(a)(1), 2705 and 2701, respectively.

**I.**

We take the following factual background and procedural history from the trial court's September 20, 2019 opinion and our independent review of the certified record. On June 28, 2016, the Commonwealth filed an Information against Wiggins charging him with committing two counts of Aggravated Assault as second-degree felonies and one count of Aggravated Assault as a first-degree felony pursuant to Section 2702 of the Crimes Code[2] and related charges. The charges stemmed from an incident involving Wiggins that occurred on February 26, 2016.

_____

[2] The relevant portions of Section 2702 read, in pertinent part, that:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
>           *     *     *
>
>     (8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or
>
>     (9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.
>
> **(b) Grading.--**Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.

18 Pa.C.S. § 2702(a)(8), (9), (b).

On July 31, 2018, Wiggins proceeded to a waiver trial. Keyana Broadnax, his ex-paramour and mother of the victim in this matter, testified that on February 26, 2016, she, Wiggins and their two-year-old twins, NS.W. and NI.W., went to an Applebee's restaurant in Center City, Philadelphia at approximately 4:30 p.m. Ms. Broadnax testified that NS.W.'s behavior had been normal that day and that he had been to a regularly scheduled appointment with his primary care provider the Monday before the incident where everything had been normal. While seated at the table in Applebee's, the twins began whining and in an effort to quiet NS.W., Wiggins began walking around the restaurant with him. When they did not return to the table, Ms. Broadnax went in search of them. After unsuccessfully looking for a while, she knocked on the bathroom door and Wiggins announced that he was inside. Wiggins left the bathroom with NS.W. to allow Ms. Broadnax and NI.W. to use it. At that time, NS.W. appeared to Ms. Broadnax to be acting normal. Less than a minute later, Wiggins returned to the bathroom in a panic and alerted Ms. Broadnax that there was something wrong with NS.W. When Ms. Broadnax touched NS.W.'s arm, it was limp and she noticed that "[h]e looked like he was struggling to breathe, like his little body was not really moving." (N.T. Trial, 7/31/18, at 23). At that point, Ms. Broadnax panicked.

Shortly thereafter, without informing Ms. Broadnax of where he was going, Wiggins ran out of the restaurant with NS.W. Ms. Broadnax called him at 6:30 p.m. to inquire about what was happening after picking up her two

older children from school, and he told her that he was at Jefferson Hospital. He explained that NS.W. had been resuscitated and would be transferred to the Children's Hospital of Philadelphia (CHOP) once he was stable. Ms. Broadnax arrived at CHOP between 7:00 and 7:30 p.m. Wiggins told her at CHOP that NS.W. had fallen from the changing table at Applebee's.

Dr. Natalie Stavas, a physician at CHOP, testified as the Commonwealth's expert in child abuse pediatrics. She confirmed that NS.W.'s primary care appointment had occurred four days before the Applebee's incident. The records reflected that the examination was normal and reflected that NS.W. was "reported to be well-appearing, in no distress, normal exam, normal neurological exam, with no injuries on his body." (N.T. Trial, 7/31/18, at 74). Dr. Stavas concluded that based on NS.W.'s injuries, which included retinal hemorrhages, bleeding around his brain and fractures of his lower extremities, he was subjected to child abuse and that a short fall from the changing table, by itself, would not result in the pattern of injury he suffered. She also explained that NS.W. would have enduring neurological problems. Dr. Kirk Thibault testified as an expert witness in biomechanical engineering and analysis on behalf of the defense. He concluded that the thirty-three inch fall from a changing table to a tile floor with head impact was sufficient to cause the injuries sustained by NS.W. (**See** N.T. Trial, 8/01/18, at 69, 106-07).

After closing arguments, the court stated, "I find Mr. Wiggins guilty of all charges. . . . I'm going to defer sentencing. I'm ordering a presentence investigation [(PSI)] and a mental health evaluation." (N.T. Trial, 8/06/18, at 32). Thereafter, when defense counsel confirmed that the Aggravated Assault charge was graded as a felony of the first degree, the following exchange occurred:

> **THE COURT**: I think they only went forward on the F-2, right? That's what the bills have.
>
> [**PROSECUTOR**]: I have both. I have F-1 and F-2. I have F-1 as count five.
>
> **THE COURT**: I think you said you were only moving on section eight. Isn't that an F-2?
>
> [**PROSECUTOR**]: You Honor, so there were two counts of F-2, aggravated assault. And I meant that I was only moving forward on one. I don't know why it was still two counts of F-2. So it was a count of F-2 and a count of F-1.
>
> **THE COURT**: You might want to take a look at the bills because they confuse me as to what was conceded or what you were moving on from the first day. I have circled the aggravated assault under subsection eight. That can be argued at sentencing.

(***Id.*** at 33).

The Trial Disposition and Dismissal Form filed contemporaneously with the court's announcing of the verdict reflects that Wiggins was "Adjudged Guilty on all charges," and, in pertinent part, identifies the court's disposition of guilt as to Aggravated Assault as both first- and second-degree felonies. (Trial Disposition and Dismissal Form, 8/06/18, at 1).

- 5 -

At sentencing on November 5, 2018, the court and the parties again addressed the grading of the Aggravated Assault charge as follows:

> [**DEFENSE COUNSEL**]: And Your Honor, we were unclear on which count of aggravated assault Your Honor had found him guilty of. There were three total aggravated assault counts.
>
> **THE COURT**: Ms. Fischer, you made some kind of amendment, right?
>
> [**PROSECUTOR**]: Yes. I don't know why two F2s were billed, so we're only proceeding on one. There is aggravated assault of a child less than 13, so it was an F1, and then there is also an F2 and I believe Your Honor found him guilty of all of the charges, but it should only be one F2 aggravated assault. There's no reason why there's two.
>
> [**DEFENSE COUNSEL**]: I believe when we were in the back Your Honor had asked the Commonwealth what the deal was with the aggravated assault charge and Ms. Fischer I think verbatim said there should only be one F2.
>
> [**PROSECUTOR**]: Yes.
>
> [**DEFENSE COUNSEL**]: And I think unfortunately it wasn't clear whether that was—to Your Honor whether that meant that Ms. Fischer was going forward on a count of F1 and a count of F2 or just an F2.
>
> [**PROSECUTOR**]: I never nolle prossed the F1.
>
> **THE COURT**: Okay. So there's an F1 aggravated assault and an F2 aggravated assault but not a third.

(N.T. Sentencing, 11/05/18, at 5-6). Defense counsel raised no objection to the court's characterization of the grading of the Aggravated Assault charge as both first- and second-degree. (***See id.***).

Thereafter, the court sentenced Wiggins to a term of not less than seven nor more than sixteen years' incarceration on the Felony One Aggravated

- 6 -

Assault, plus three years of probation, with all other convictions to run concurrently. Wiggins filed a timely Post-Sentence Motion on November 14, 2018, in which he sought a new trial based on weight of the evidence. The court denied the motion on March 1, 2019. Wiggins timely appealed. He and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

On appeal, Wiggins claims that the trial court "lacked authority and jurisdiction to deem [him] guilty" of First Degree Aggravated Assault at the time of sentencing, since, at the time of trial and conviction, the court believed that the Commonwealth was only proceeding on Second Degree Aggravated Assault. (Wiggins' Brief, at 12). He asserts that the court's finding at sentencing that Wiggins committed First-Degree Aggravated Assault required it to impermissibly change its factual findings since a first-degree conviction required a finding of **serious** bodily injury, while the second-degree conviction only necessitated a finding of bodily injury. (*See id.* at 17). He maintains, therefore, because he was not convicted of First Degree Aggravated Assault, the court erred as a matter of law when it sentenced him "consistent with the

maximum sentence for a first-degree felony" and above the statutory maximum for a felony of the second degree.[3] (*Id.*; *see also id.* at 13, 18).[4]

The Commonwealth counters that any comments made by the court after it announced the verdict of "guilty of all charges" are "irrelevant and should be disregarded." (Commonwealth's Brief, at 16-17). Also, in considering this issue, the trial court explained:

> A review of the bills of information reveals that [Wiggins] was charged with two counts of aggravated assault graded as felonies of the second degree, and one count of aggravated assault graded as a felony of the first degree. On August 6, 2018, [Wiggins] was found guilty by this court of the above referenced charges. Immediately following the guilty verdict, however, there was confusion as to whether the Commonwealth went forward with an aggravated assault charge of the first or second degree. The Commonwealth asserted that there were originally two counts of aggravated assault graded as second-degree felonies, but that there should only have been one, in addition to the count graded as a first-degree felony. The court deferred the issue until sentencing. At the time of sentencing, the Commonwealth clarified that there was only one count of aggravated assault graded as a felony of the first degree and one count graded as a felony of the second degree. Defense counsel neither objected nor raised the issue in the post-sentence motion. *See* Pa.R.A.P. 302(a) (providing for waiver of issues on appeal that were not raised in the lower court).

---

[3] In an apparent attempt to demonstrate that the court was unaware of what it had convicted him of, Wiggins also mentions that the court stated at sentencing that the Simple Assault charge merged with Aggravated Assault, although the Commonwealth had *nolle prossed* this count. (*See* Wiggins' Brief, at 9 n.5). We do not find this persuasive for the matter before us.

[4] "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Melvin*, 172 A.3d 14, 19 (Pa. Super. 2017), *appeal denied*, 187 A.3d 207 (Pa. 2018) (citation omitted).

Nevertheless, the facts of the case clearly establish that [Wiggins] was guilty of intentionally, knowingly or recklessly causing serious bodily injury to a child, an F-1 aggravated assault. Therefore, [Wiggins]' claim is without merit.

(Trial Court Opinion, 9/20/19, at 8-9) (record citations and some capitalization omitted).  We find the reasoning of the court persuasive.

## A.

It is well-settled that "a court is without jurisdiction to convict a defendant of a crime for which he was not charged, and a challenge to a court's subject matter jurisdiction[5] is not waivable." **Commonwealth v. Antidormi**, 84 A.3d 736, 752 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (internal quotation marks and citation omitted).  It is undisputed that in this case, the Information charged Wiggins with both First- and Second-Degree Aggravated Assault pursuant to 18 Pa.C.S. § 2702(a)(8), (9). Therefore, he was put on notice of the charges against him, and the court was

_____

[5] In the criminal context, two requirements are necessary for subject matter jurisdiction:  for subject matter jurisdiction in a criminal case:  the court's competency to hear the case and formal notice to the defendant of the crimes charged pursuant to the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. **See Commonwealth v. Serrano**, 61 A.3d 279, 287 n.4 (Pa. Super. 2013). "[T]o invoke [subject matter] jurisdiction ... it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged.  This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction." **Id.** (citation omitted).

competent to rule on them. *See Serrano*, *supra* at 287 n.4. Any claim of lack of subject matter jurisdiction does not merit relief.

**B.**

Wiggins argues, however, that although he was charged with First-Degree Aggravated Assault, he was not convicted of it, thus rendering his sentence illegal. We disagree, as the record reflects that the court convicted Wiggins of all charges at the time of trial.

"[T]he verdict rendered by the trial judge after a non-jury trial is a general verdict and, after recording such a verdict, the authority of the trial judge over it would be the same as in the case of verdict by a jury[.]" *Commonwealth v. Parker*, 451 A.2d 767, 770 (Pa. Super. 1982) (citation omitted); *see also* Pa.R.Crim.P. 621(A) ("When a jury trial is waived, the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury.").

In this case, the judge declared a verdict finding Wiggins guilty of all charges which, pursuant to the Information, included Aggravated Assault as both first- and second-degree felonies, a fact that defense counsel expressly observed at the time of the verdict. Although the court then expressed some confusion as to whether the Commonwealth was proceeding under both causes of action, the Trial Disposition and Dismissal Form reflects that Wiggins was adjudged guilty on all charges, including First- and Second- Degree Aggravated Assault. After declaring its verdict, the court stated that any

- 10 -

argument about the degree of Aggravated Assault would be deferred until sentencing. At sentencing, after the Commonwealth and defense counsel spoke, the court repeated that both degrees of Aggravated Assault were before it, a fact with which defense counsel did not object.

Based on the foregoing, Wiggins' claim that the court did not convict him of First-Degree Aggravated Assault at the time of trial is not persuasive.

**C.**

Moreover, contrary to his claim that the court only made factual findings to support a Second-Degree charge,[6] the court explained in its opinion that:

> This court, sitting as fact-finder, found the evidence and testimony presented by the Commonwealth to be credible, and found that NS.W's injuries constituted serious bodily injury. Specifically, Ms. Broadnax testified that NS.W's behavior had been normal during the day leading up to the incident in Applebee's. (***See*** N.T. Trial, 7/31/18, at 18-19). She also stated that NS.W. had a primary care appointment on the Monday before he went to the hospital. (***See id.*** at 39). Dr. Staves confirmed that NS.W.'s primary care appointment took place on February 22, 2016, and that his examination was normal.[a] (***Id.*** at 74). Dr. Stavas also explained that, due to his injuries, NS.W. would have enduring neurological problems. (***See id.*** at 119). "It was within the province of [this court] as fact-finder to resolve all issues of credibility, resolve conflicts in the evidence, make reasonable inferences from the evidence, [and] believe all, none, or some of the evidence. . . ." ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006) (citation omitted). After doing so, this

---

[6] Wiggins assumes this without any evidence of same. The record reflects that the court did not make **any** factual findings at the time it announced its verdict and was not authorized to do so. ***See Commonwealth v. Samuel***, 961 A.2d 57, 63-64 (Pa. 2008) ("Special verdicts in which the finder of fact makes specific findings beyond guilty or not guilty are impermissible in Pennsylvania criminal cases.").

court found that the Commonwealth proved [Wiggins] guilty of the charges beyond a reasonable doubt. . .

    [a] Specifically, Dr. Stavas stated, "At that primary[] care visit[,] he is reported to be well-appearing, in no distress, normal exam, normal neurological exam, with no injuries on his body." (*Id.* at 74).

(Trial Ct. Op., at 5-6) (unnecessary capitalization omitted; record citation formatting provided).

Based on the foregoing, where the Commonwealth provided Wiggins with notice of the charges against him and the trial court convicted him of all of them, finding that the evidence was sufficient to support a conviction for Aggravated Assault of the First-Degree, it did not err in sentencing him for the Felony One. Wiggins' argument in this regard fails and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/20