J-S39043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH TOY | : | |
| | : | |
| Appellant | : | No. 1027 EDA 2020 |

Appeal from the PCRA Order Entered March 16, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002475-2018

BEFORE:  LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED SEPTEMBER 8, 2020**

Joseph Toy (Toy) appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9542-9546 in the Bucks County Court of Common Pleas (PCRA court).  We affirm.

**I.**

We take the following factual background and procedural history from our independent review of the record and the PCRA court's May 13, 2020 opinion.  Before reaching the facts of this case, it is necessary to provide the relevant facts from Toy's previous conviction at case number 4613-2012 (2014 Conviction), as that case forms the basis for his issue on review in this matter.

---

[*] Retired Senior Judge assigned to the Superior Court.

**A.**

On March 4, 2014, in case number 4613-2012, Toy entered a plea of *nolo contendere* to two counts of conspiracy to commit burglary in the first degree in exchange for a negotiated sentence of not less than four nor more than eight years' imprisonment.[1]  The prosecutor informed the court at that time that one of those counts was "a person present burglary."  (N.T. Plea Hearing Case No. 4613-2012, 3/03/14, at 3).[2]  The parties incorporated the transcript from the preliminary hearing as the factual basis for the plea.  (*See id.* at 14-16).  The preliminary hearing testimony reflected that Toy broke into two separate homes in October and November 2011 and stole money and other items.  (*See* N.T. Preliminary Hearing Case No. 4613-2012, 7/09/12, at 41-50, 67-73).  School-age children were home at the time of the October 2011 burglary.  (*See id.* at 141-42); (*see also* Affidavit of Probable Cause Case No. 4613-2012, 2/28/12).[3]

---

[1] In 1977, Toy was convicted of rape.  The record in this matter provides no further information regarding that conviction and Toy does not contest it. Therefore, we provide no further discussion of that conviction.

[2] On October 29, 2019, the PCRA court incorporated the notes of testimony from the July 9, 2012 preliminary hearing and the March 3, 2014 *nolo contendere* and sentencing hearing from the 2014 Conviction.

[3] Although the preliminary hearing testimony also included a July 2011 burglary in which Toy was implicated, he was not convicted of that crime. (*See* N.T. Plea Hearing, Case No. 4613-2012, at 16).

At an April 2, 2014 reconsideration of sentence hearing for the 2014 Conviction, the prosecutor stated that, as part of the parties' negotiation, the Commonwealth had agreed to "forgo (*sic*) proceeding with the ten-year mandatory that [Toy] could have faced" as the second strike mandatory pursuant to 42 Pa.C.S. § 9714(a)(1). (N.T. Reconsideration, 4/02/14, at 2-3).[4] Toy's counsel expressly stated that he did not dispute that he could have been so sentenced. (***See id.*** at 4).

**B.**

The charges in this case relate to Toy's commission of a robbery in Bensalem Township on March 12, 2018. The homeowner received a video alert on her cellphone of two males walking up the stairs to her home with one of the men carrying a crowbar. She contacted the Bensalem Police Department and upon their arrival at the home, they found Toy hiding in a closet in possession of a crowbar, flashlight and the homeowner's gold watch. His co-defendant, Michael Green, was prone on the floor next to a second-floor bed. Pry marks were found on the garage door and the homeowner was missing $80.

On October 15, 2018, with the assistance of counsel, Shaka M. Johnson, Esquire, Toy entered a negotiated guilty plea to Conspiracy to Commit

---

[4] The affidavit of probable cause and notes of testimony from the April 2, 2012 hearing are attached as Exhibits A and C, respectively, to the Commonwealth's August 26, 2019 answer in opposition to the PCRA petition in this matter.

Burglary, Criminal Trespass and Possessing Instruments of Crime. In exchange for the guilty plea, the Commonwealth did not seek the mandatory sentence to which Toy was exposed pursuant to 42 Pa.C.S. § 9714, 25 years to the possibility of life. (N.T. Guilty Plea, 10/15/18, at 8). Consistent with the agreement's terms, the court sentenced Toy to an aggregate term of imprisonment of not less than 15 nor more than 30 years' imprisonment in a state correctional facility.

On October 24, 2018, Toy filed a timely, counseled motion to withdraw his guilty plea. The motion was based on counsel's review of Toy's file, which mistakenly included a criminal abstract for the unrelated conviction of a different Joseph Toy in Delaware County. Counsel erroneously believed this crime formed the basis for the third strike 25-year mandatory sentence in this case. (*See* N.T. Motion to Withdraw Hearing, 11/29/18, at 4). However, at the November 29, 2018 hearing on the motion, Toy requested to withdraw the October 24, 2018 motion. Counsel explained that after further review of the file and discussion with Commonwealth's attorney, he once again was convinced that Toy was subject to a mandatory minimum for a third strike because it was premised on the 1977 rape conviction and the 2014 Conviction.

The court then questioned Toy about his understanding of the arguments in the motion to withdraw, the facts presented at the hearing, his satisfaction with and opportunity to meet with counsel, and whether he was voluntarily withdrawing the motion to withdraw his guilty plea. (*See id.* at

- 4 -

6). When asked whether he understood that by withdrawing the motion he was waiving his right to raise those issues again, he responded, "Absolutely." (***Id.*** at 6-7). The motion was withdrawn and no post-sentence motions or direct appeal were filed.

On April 9, 2019, Toy filed a timely first *pro se* PCRA petition and appointed counsel filed an amended PCRA petition raising the issue of trial counsel's ineffective assistance in advising Toy to enter a guilty plea to avoid the mandatory minimum sentence imposed by Section 9714. (***See*** *Pro Se* PCRA Petition, 4/09/19, at 7; First Amended PCRA Petition,[5] 8/01/19, at 1 Paragraph 2(c)). Specifically, he maintained that the 2014 Conviction was not a "strike" offense, and because his plea in the instant case was premised on counsel's advice that he was subject to the 25-year mandatory minimum for a third strike, his plea was not knowing and voluntary and counsel was ineffective.

---

[5] As explained by the PCRA court:

> This is referred to as an Amended PCRA [Petition], although no amended [petition] was ever actually filed. [Toy] continually submitted Motions to Amend PCRA, which were all granted by [the] [c]ourt, without ever actually filing an amended PCRA [petition]. Rather, as [the] [c]ourt understood it, the PCRA arguments were made in the motions to amend and supplemental briefs.

(PCRA Court Opinion, 5/13/20, at 1-2 n.3).

On September 9, 2019, after receiving the Commonwealth's response to the amended PCRA petition, the court issued notice of its intent to dismiss the petition without a hearing.  **See** Pa.R.Crim.P. 907(1).  Toy filed a second amended PCRA petition and response to the notice to dismiss on September 30, 2019.  He clarified that he was not claiming that the elements of the 2014 Conviction were not enough for a strike offense if he had been informed of them.  (**See** Brief in Support of Second Motion to Amend PCRA Petition and in Response to the Court's Rule 907 Notice, 9/30/19, at 1).  Instead, he maintained that the instant offense did not constitute a third strike because his 2014 Conviction could not count as a second strike where he was not notified at the time of that plea, either in the criminal information or during the plea colloquy, that the "person present" requirement was an element of the crime.  (**See id.** at 1-2, 5).  After receiving the Commonwealth's response, the court denied the petition on March 17, 2019.  Toy timely appealed.[6]  He and the court have complied with Rule 1925.  **See** Pa.R.A.P. 1925.

## II.

On appeal, Toy maintains that the PCRA court erred in denying his PCRA petition because trial counsel provided ineffective assistance when he advised

---

[6] "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions."  **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (citation omitted).

that the current conviction was a third strike, resulting in an involuntary and unknowing plea.[7] (**See** Toy's Brief, at 9). Toy again posits that his 2014 Conviction could not count as a second strike because neither the information nor the colloquy notified him that the conviction for conspiracy to commit burglary of the first degree required proof that a person was present at the time he committed the crime. (**See id.** at 10-16).[8]

---

[7] Toy's Rule 1925(b) statement does not frame his issue as being one of ineffective assistance of counsel. (Statement of Issues Pursuant to [Pa.R.A.P.] 1925(b), 4/16/20, at 1). It is well-settled that any issue not raised in a Rule 1925(b) statement is waived for our review. **See** Pa.R.A.P. 1925(b)(4)(vii). However, because Toy appealed the PCRA court order denying his petition based on the ineffectiveness of counsel, we interpret his Rule 1925(b) statement as an inartful attempt to challenge the court's conclusion that counsel was not ineffective. This is particularly appropriate here because, as the Commonwealth notes, Toy withdrew his motion to withdraw his guilty plea. Therefore, he did not preserve a direct challenge to the voluntariness of the plea and such a claim is waived. **See** 42 Pa.C.S. § 9744. However, it properly is brought as a challenge to plea counsel's effectiveness. **See Commonwealth v. Bracey**, 795 A.2d 935, 941 n.6 (Pa. 2001) ("[A] petitioner can avoid a finding of waiver under the PCRA by making a proper claim of ineffective assistance of counsel at his first available opportunity to do so.").

[8] Toy also mentions that the version of the statute in effect at that time he committed the 2011 crime did not contain the language, "commits, attempts or threatens to commit a bodily injury crime therein," as the current version does. (**See** Toy's Brief, at 12, 14). However, he only identifies his issue as being about the failure of the information and colloquy to advise him that "a person was in the structure was an element of the crime to which he pled." (Statement of Issues Pursuant to [Pa.R.A.P.] 1925(b), 4/16/20, at 1). He also only identifies that as an issue in the heading of the argument section, (**see** Toy's Brief, at 10), and he does not make any argument specific to this language. (**See id.** at 10-16). Further, he did not raise this issue in the PCRA court. Therefore, we deem any issue about this language as a ground for relief as waived. **See** Pa.R.A.P. 302(a), 1925(b)(4)(vii), 2101, 2119(a).

**A.**

To be eligible for PCRA relief, a petitioner must prove that his conviction or sentence resulted from one or more of the enumerated circumstances identified in Section 953(a)(2), which includes the ineffective assistance of counsel. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii).

> We presume counsel is effective. To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. … A claim will be denied if the petitioner fails to meet any one of these prongs.[9]
>
> [A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial. Under the PCRA, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> [T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

---

[9] Toys fails even to acknowledge the elements necessary for an ineffective assistance of counsel claim, let alone discuss them, thereby waiving his issue. (***See*** Toy's Brief, at 10-16); ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014) ("When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development.") (citation and internal quotation marks omitted). Moreover, even if we construe his argument as an attempt at the arguable merit prong of the test, he fails to establish it.

*Commonwealth v. Velazquez*, 216 A.3d 1146, 1149-50 (Pa. Super. 2019) (citations and quotation marks omitted).

Section 9714 of the Sentencing Code, Sentences for second and subsequent offenses, provides, in pertinent part, that a defendant who previously has been convicted of one crime of violence at time of sentencing, shall be convicted to a term of ten years' confinement, and a person who previously has been convicted of two or more crimes of violence at time of sentencing shall be convicted to a minimum sentence of 25 years, with the possibility of life imprisonment without the possibility of parole.  ***See*** 42 Pa.C.S. § 9714(a).  "Crime of violence," as defined by the current version of Section 9714, which was in effect at the time of Toy's 2018 plea, includes "burglary as defined by 18 Pa.C.S. § 3502(a)(1)," conspiracy thereto, "or an equivalent crime under the laws of this Commonwealth in effect at the time of commission of that offense or an equivalent crime in another jurisdiction."  42 Pa.C.S. § 9714(g) (emphasis added).

At the time of commission of the 2011 burglary underlying the 2014 guilty plea, first degree burglary was defined as:

> **(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S. § 3502(a) (eff. July 1, 1991 to Aug. 3, 2012).

The crime of burglary in the first degree currently found in Section 3502(a)(1) provides:

A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein[.]

18 Pa.C.S. § 3502(a)(1).

**B.**

Toy maintains that the information filed in his 2014 case tracked the language of the burglary statute then in effect and did not contain the person present element. (Toy's Brief, at 15). He argues that he "was not informed that the presence of a person was necessary for his conviction of a first-degree felony in 2014, and therefore that conviction should not have counted as a second strike." (Toy's Brief, at 16). Toy's claim fails.

First, Toy provides no supporting law for his argument that he had to be "noticed in the information and guilty plea colloquy that his crime included the presence of a person in the building he conspired to enter" or that the failure to provide such notice was equivalent to it not being part of the crime.[10]  In

_____

[10] In fact, he fails to provide any relevant binding precedent at all. The only legal discussion provided by Toy is about the federal Armed Career Criminal Act and how the United States Supreme Court has applied the statute when confronted with different state definitions of certain predicate crimes. (*See*

fact, our Supreme Court has rejected a similar argument. (***Id.***); ***see also Commonwealth v. Samuels***, 961 A.2d 57, 62 (Pa. 2008) (rejecting claim that "person present" and "structure adapted for overnight accommodations" elements had to be charged in the bill of information and holding that sentencing court determines whether defendant convicted of crime of violence under two strikes law).

Further, the record of the 2014 no contest plea hearing belies his argument that he was not provided notice of a "person present" element. For example, at the 2014 hearing, the Commonwealth's counsel expressly stated that a Conspiracy to Commit First-Degree Burglary charge was a "person present burglary." (***See*** N.T. Plea Hearing, Case No. 4612-2012, at 3). Further, the incorporated facts from the preliminary hearing describe the forced entry by Toy and his co-defendant into the victims' home and their subsequent theft while two minor children were present in the residence. (***See id.*** at 15); (N.T. Preliminary Hearing Case No. 4612-2012, at 40-67, 135-42). At the reconsideration of sentence hearing, the prosecutor expressly stated that the 2014 Conviction was a second-strike offense and pursuant to the negotiated plea, the Commonwealth agreed not to pursue the ten-year

---

Toy's Brief, at 14-15). We are not bound by this precedent and do not find it legally persuasive. ***See Commonwealth v. Jemison***, 98 A.3d 1254, 1257 (Pa. 2014) (Although "[t]his Court, like all state courts, is bound by decisions of the U.S. Supreme Court with respect to the federal Constitution and federal substantive law[,] when resolving matters that involve no federal question, this Court is not bound by decisions of the U.S. Supreme Court.").

mandatory minimum. (**See** N.T. Reconsideration Case No. 4612-2012, at 2-3).

Based on this history, Toy's underlying claim that the 2014 Conviction was not a crime of violence for purposes of Section 9714 lacks merit. Further, counsel's advice to enter the guilty plea to avoid the imposition of the third-strike mandatory sentence was within the range of competence demanded of attorneys in criminal cases. Hence, even if Toy had not waived his claim by failing to meaningfully address the three-prongs of the ineffectiveness test, he would have been unable to prove their merits. His claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020