J-A21013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD D. BERNARD | : | |
| | : | |
| Appellant | : | No. 894 EDA 2020 |

Appeal from the PCRA Order Entered February 21, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000120-2015

BEFORE: LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 27, 2020**

Leonard D. Bernard appeals from the order, entered in the Court of Common Pleas of Chester County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm in part, reverse in part, and remand.

This Court previously set forth the facts of this case as follows:

[The victim, 76-year-old Alice] Stackhouse[,] testified that due to several chronic illnesses, she relied on in-home care services. Brianna Mitchell, Bernard's girlfriend (now wife), had provided in-home care for Stackhouse in 2014. Stackhouse fired Mitchell in November 2014, due to her belief that Mitchell had stolen Stackhouse's supply of pain medication.

On December 20, 2014, Stackhouse answered a knock on her door. [Bernard[1]] was at the door, and he forced his way in to

_____

[1] During her testimony, Stackhouse identified Bernard as the man who had robbed her. **Commonwealth v. Bernard**, 2286 EDA 2017, at 1

Stackhouse's apartment. [Bernard] ripped a necklace off of Stackhouse while pushing her onto a couch.

When Stackhouse began screaming, he slapped her in the face. He threatened to "cut" her if she didn't stop screaming. He proceeded to steal her wedding and engagement rings, as well as her watch.

[Bernard escorted] Stackhouse into another room using her walker. He ransacked the room, stealing more jewelry. He placed a beach bag over Stackhouse's head, and then bound her hands together with a belt. [Bernard] continued to ransack her apartment. Ultimately, he left the apartment with Stackhouse tied up on the floor.

\* \* \*

Detective Michael Buchmann testified [that] police immediately suspected Mitchell and her significant other were involved with this crime. Police obtained a search warrant for Bernard and Mitchell's home. Detective Jeffrey McCloskey testified that during the search, police found several items clearly belonging to Stackhouse.

*Commonwealth v. Bernard*, 2286 EDA 2017, at 2-3 (Pa. Super. filed Oct. 1, 2018) (memorandum decision) (internal citations omitted).

Following a bench trial, the court convicted Bernard of robbery, burglary, conspiracy, and other related offenses. He was sentenced to 33 to 60 years in prison. "Bernard exercised his right to represent himself during trial and during the initial post-sentence proceedings. He retained private counsel after filing several *pro se* appeals and post-sentence motions. [In July 2017,] his direct appeal rights were

_____

(Pa. Super. filed Oct. 1, 2018). She admitted she had previously been unable to identify him from a photographic array. *See id.*

restored [*nunc pro tunc*] via a [PCRA] proceeding and agreement with the Commonwealth." ***Id.*** at 1, n.1; ***see also*** Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907, 1/13/20, at 2-4 (detailing extensive procedural history).

On direct appeal, Bernard raised six claims of error, arguing that the trial court:  (1) improperly allowed Stackhouse to identify him in court; (2) improperly admitted opinion testimony from a witness not qualified as an expert; (3) improperly admitted hearsay testimony from the same witness; (4) improperly admitted evidence subject to the spousal communications privilege; (5) erroneously found the evidence at trial sufficient and credible enough to support a guilty verdict; and (6) imposed an unreasonably excessive sentence. ***Bernard***, ***supra*** at 1.  After addressing the merits of his first, fourth,[2] fifth, and sixth claims, and finding his second and third claims waived, this Court concluded that Bernard was entitled to no relief, and affirmed his judgment of sentence.  On April 8, 2019, the Supreme Court of

---

[2] Because Bernard failed to object to the Commonwealth's pre-trial motion to present Mitchell's testimony of her observations of Bernard leading up to the robbery, Bernard failed to preserve his challenge to the admission of this testimony.  He did, however, preserve his challenge to trial court's application of the marital communication privilege involving letters Bernard wrote to Mitchell while both were in jail, which this Court rejected. ***See Bernard***, ***supra***, at 2-4.

Pennsylvania denied Bernard's petition for allowance of appeal. ***Commonwealth v. Bernard***, 206 A.3d 488 (Pa. 2019) (Table).

Bernard timely filed his first PCRA petition on July 22, 2019, raising essentially the same issues he raised on direct appeal.[3] On August 15, 2019, C. Curtis Norcini, Esquire, was appointed to represent Bernard. On December 12, 2019, Attorney Norcini filed a "no merit" letter and a petition to withdraw, pursuant to the standards set forth in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super.

_____

Those issues were:

1. [Did the court err by] improperly admitting the in-court identification of [Bernard] by the complaining witness without first addressing [Bernard's p]etition for a line-up filed prior to trial but not addressed until trial commenced?

2. [Did the court err by] improperly admitting opinion testimony from a witness who was not first qualified as an expert?

3. [Did the court err by] improperly admitting hearsay testimony from the same witness?

4. [Did the court err by] improperly admitting evidence of marital communications between [Bernard] and his wife on [c]ourt records that should have been protected by the spousal/marital communications privilege?

5. Whether the [v]erdict was against the weight and/or sufficiency of the evidence?

6. [Did the court err or abuse its discretion by] imposing an unreasonably excessive sentence?

PCRA Petition, 7/22/19, at 3. None of these are cognizable claims under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(2)(i-viii) (eligibility for relief).

1988). On December 23, 2019, Bernard filed a response to the no-merit letter. On January 13, 2020, after conducting an independent review, the trial court filed its Pa.R.Crim.P. 907 notice of intent to dismiss Bernard's petition, which gave Bernard twenty days to respond. Bernard filed a response on February 3, 2020, in which "[Bernard] acknowledge[d] that his PCRA petition[,] as presently constructed[,] does not entitle him to relief. *See* Response to Notice of Intent to Dismiss, 2/3/20, at 1. However, [Bernard requested] leave of [c]ourt to amend his [p]etition to add a new claim under ***Alleyne v. U.S.***, 570 U.S. 99 (2013)." Order, 2/21/20, at 2, n.4. The trial court denied this request as "untimely," noting that "it was made approximately eight (8) months after the filing of [Bernard's] July 22, 2019 PCRA petition and clearly does not relate back to any of the original PCRA claims for relief. [Bernard attempted] to raise a completely new claim . . . after the Commonwealth filed its Answer to [his] PCRA petition and this [c]ourt issued its [] Rule 907(1) [n]otice." ***Id.*** The court stated further that Bernard's challenge under ***Alleyne***, if it were included in the amended petition, "would also be untimely." Order, 2/21/20, at 2, n.4.

On February 21, 2020, the trial court dismissed Bernard's PCRA petition and permitted counsel to withdraw. On March 11, 2020, Bernard appealed that order. Both he and the trial court complied with Pa.R.A.P. 1925. Bernard raises the following issue for our review:

> [Whether Bernard's] sentence imposed under 42 Pa.C.S.A. § 9714 pursuant to ***Alleyne***,[ ***supra***;] [***Commonwealth v.***] ***Hopkins***[,

117 A.3d 242 (Pa. 2015);] and [**Commonwealth v.**] **Wolfe**[, 140 A.3d 651 (Pa. 2016)] is unconstitutional because it directs a judge rather than a jury to determine whether the "**instant offense**" was committed by violence to be a crime of violence under [section] 9714(d) and the Pennsylvania Supreme Court decision in [**Commonwealth v.**] **Samuel**[, 961 A.2d 57 (Pa. 2008)] is no longer good law[?]"

Brief of Appellant, at 8 (emphasis added).

Our standard of review is well-settled:

On appeal from the denial of PCRA relief, [we] determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. **See** 42 Pa.C.S.[A.] § 9543(a)(2) (outlining the requirements to be eligible for PCRA relief).

Among those requirements are that the issue raised be neither previously litigated nor waived. **Id.** at 9543(a)(3). An issue is previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[. **Id.** at] § 9544(a)(2). An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal, or in a prior state postconviction proceeding. **Id.** § 9544(b).

**Commonwealth v. Williams**, 196 A.3d 1021, 1026 (Pa. Super. 2018) (quotations, ellipses, and some citations omitted).

Primarily, we note the six claims of error identified in Bernard's July 22, 2019 PCRA petition were each previously litigated and rejected by this Court on direct appeal. **See Commonwealth v. Bernard**, 2286 EDA 2017, at 1-3 (Pa. Super. filed Oct. 1, 2018); **see also** 42 Pa.C.S.A. § 9543(a)(3). Thus,

the PCRA court properly determined that none of them entitles Bernard to relief.

The PCRA court submits that Bernard's ***Alleyne*** challenge, presented in his Rule 1925(b) statement, is unreviewable on appeal because it was not first presented to the PCRA court. ***See*** Order, 2/21/20, at 2, n.4 ("[Bernard] is now attempting to raise a completely new claim. . . . Accordingly, [he] must file a new PCRA petition to raise this claim."); ***see also*** Order, 4/2/20, at 2 ("[Bernard] impermissibly attempts to raise a confusing and convoluted ***Alleyne*** challenge.[4] This argument can provide no successful basis for relief on appeal as it was not properly preserved for appeal. Rather, [Bernard] has failed to first raise the claim in the PCRA [c]ourt."), citing Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal).

Because Bernard sought, unsuccessfully, to amend his PCRA petition to include this ***Alleyne*** challenge before the court dismissed his petition, we turn to whether his request for leave to amend the petition was properly denied.

---

[4] The Commonwealth appears to have misinterpreted Bernard's argument on appeal. ***See*** Brief of Appellee, at 15 ("[Bernard] argues that if the legislature determines that the **prior conviction** must be a crime of violence[,] the jury must make that determination. [He] is incorrect.") (emphasis added); ***cf.*** Reply Brief of Appellant, at 1 ("The Commonwealth is changing [Bernard]'s argument as an attack on the **prior** conviction. **NOTE:** [Bernard]'s argument is an attack on [the judge's determination that] the **instant crime** (the one Appellant was on trial for) [was a crime of violence. Bernard] is not arguing anything about the prior conviction.") (emphasis added and in original).

Rule 905(A) of the Pennsylvania Rules of Appellate Procedure provides that: "The judge **may** grant leave to amend or withdraw a petition for post-conviction collateral relief **at any time**.  Amendment **shall** be freely allowed to achieve **substantial justice**."  Pa.R.A.P. 905(A) (emphasis added); **but see Commonwealth v. Sepulveda**, 144 A.3d 1270, 1280 (Pa. 2016) ("Rule 905(A) requires that the PCRA petition in question is still pending before the PCRA court at the time the request for amendment is made").  **See also Commonwealth v. Williams**, 828 A.2d 981, 988 (Pa. 2003) ("The statutory word 'may' as contrasted with 'shall' signals a discretionary rather than a mandatory act.").

Pursuant to Rule 905, PCRA courts are vested with discretion to permit the amendment of a pending, timely-filed post-conviction petition.  This discretion "must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice."  **Commonwealth v. Crispell**, 193 A.3d 919 (Pa. 2018), citing **Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004).  Adherence to this liberal standard for amendment is essential because, in light of the PCRA's time limitations, criminal defendants may have just one opportunity to pursue collateral relief in state court.  **See Crispell**, **supra**; **Flanagan**, **supra**.

In **Crispell**, the appellant sought leave to amend his PCRA petition ten years after its original filing, while it was still pending before the PCRA court,

to add a claim pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963), premised upon evidence disclosed by the Commonwealth during discovery. In denying leave to amend, the PCRA court erroneously concluded that it lacked jurisdiction to consider the amendment based on the PCRA's time bar. Because the PCRA court erred as a matter of law, our Supreme Court vacated the order denying petitioner relief "to the extent that it denied [appellant] leave to amend to add the new **Brady** claim," but affirmed the denial of PCRA relief in all other respects. **Crispell**, **supra**, at 924. The Court noted that:

> **The PCRA court in this case exercised no discretion** in addressing Crispell's motion to amend. Rather, **the court premised its ruling upon its mistaken belief** that it lacked jurisdiction to address the claim in any event. **The only option available to this Court, at this juncture, is to remand** this case back to the PCRA court, so that the court may consider Crispell's motion for leave to amend in accord with the liberal standard of Rule 905(A).[5]

**Id.** at 930 (emphasis added).

Here, we are constrained to reach the same result where the PCRA court erroneously denied Bernard's application for leave to amend his timely PCRA petition "as untimely." Order, 2/21/20, at 2; **see also Flanagan**, **supra**

---

[5] Before the PCRA court, Crispell asserted that: (1) the court should grant leave to amend because the new **Brady** claim was premised upon facts that he first learned from the Commonwealth's production of documents during PCRA discovery; (2) the Commonwealth was not prejudiced by amendment, and could not claim surprise at the addition of a claim derived from its own production of documents; and (3) permitting amendment would achieve substantial justice. The Supreme Court ordered the PCRA court on remand "to evaluate these uncontested assertions pursuant to the liberal amendment standard of Rule 905(A)." **Crispell**, **supra** at 930.

(holding amended petitions are not independently subject to PCRA's time bar); Pa.R.A.P. 905(A) (judge may grant leave to amend or withdraw **at any time**) (emphasis added). On remand, the PCRA court is to assess Bernard's application for leave to amend his timely PCRA petition to raise his challenge under **Alleyne** pursuant to the liberal amendment standard of Rule 905(A).

Order affirmed in part, reversed in part. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2020